**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WHITNEY HELEN BAILLIE,<br>    Appellant, | DOCKET NUMBER<br>DC-1221-20-0838-W-1 |
| v. | |
| DEPARTMENT OF ENERGY,<br>    Agency. | DATE: May 26, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Whitney Helen Baillie, Syracuse, New York, pro se.

Ida E. Hernandez, Esquire, Albuquerque, New Mexico, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED as to the administrative judge's analysis of why the appellant failed to make a nonfrivolous allegation that she reasonably believed that she disclosed a violation of law, rule, or regulation, we AFFIRM the initial decision.

## BACKGROUND

¶2        According to the appellant, in June 2019, she received a 1-year appointment as a Graduate Fellow with the agency's National Nuclear Security Administration (NNSA). Initial Appeal File (IAF), Tab 4 at 4; Pacific Northwest National Laboratory, Graduate Fellowship Program, www.pnnl.gov/projects/ngfp (last visited May 26, 2022). In May 2020, NNSA offered the appellant an appointment as an EN-00 Foreign Affairs Specialist, with a base pay of $59,626. IAF, Tab 6 at 46. The agency specified that the offer was revocable. *Id.* at 47. Although the appellant accepted the job offer, she disagreed with the salary and pay band, arguing that she qualified at the higher EN-03 pay band. *Id.* at 33-38, 49. Via emails she sent to the NNSA's Acting Deputy Administrator-Management on May 8 and 26, 2020, the appellant asserted that her education and 1 year of work experience as a Graduate Fellow with the agency qualified her for the EN-03 band. IAF, Tab 4 at 45-47. She expressed her belief that "abiding by merit-based principles" and the agency's stated policy to fill positions "on the basis of merit"

required that she be afforded a higher salary or pay band. *Id.* at 46. She also urged that such compensation was required by a 2017 Excepted Service Fact Sheet and agency policy and guidance regarding pay bands. *Id.* at 46-47. On May 29, 2020, the agency withdrew its offer of employment, advising the appellant that it had "decided not to fill the position at this time." IAF, Tab 4 at 51, Tab 6 at 15.

¶3 The appellant filed this IRA appeal alleging that the NNSA had rescinded a job offer in retaliation for her May 8 and 26, 2020 emails. IAF, Tab 1 at 3-5, 7. She further asserted that the agency's failure to hire her for this vacancy and other positions violated 5 U.S.C. § 2301(b)(1) and 2302(b)(10) and (b)(12). IAF, Tab 1 at 5, Tab 4 at 7-8. With her initial appeal form, the appellant provided an August 5, 2020 final determination letter from the Office of Special Counsel (OSC). IAF, Tab 1 at 9-10.

¶4 The administrative judge issued an order setting forth the appellant's burden to establish the Board's jurisdiction over her IRA appeal. IAF, Tab 3. The appellant responded, and the agency replied to her response. IAF, Tabs 4, 7. In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID) at 1-2, 11. The administrative judge found that, while the appellant exhausted her remedy before OSC, she failed to nonfrivolously allege that she made a protected disclosure. ID at 7-8, 9-11. Specifically, he found that the appellant's emails regarding the agency's pay band and salary offer did not constitute protected disclosures under 5 U.S.C. § 2302(b)(8). ID at 10. He reasoned that "her emails did not show any evidence the agency had violated a law, rule, or regulation," as opposed to agency policy or guidance. *Id.* He also found that the appellant failed to show the agency abused its authority in its salary offers. ID at 10-11. He explained that the Board lacks IRA jurisdiction over an agency's alleged violations of merit systems principles and 5 U.S.C. § 2302(b)(10) and (b)(12). ID at 11.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has responded to the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

Under the Whistleblower Protection Enhancement Act of 2012, the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). On review, the parties do not challenge the administrative judge's finding that the appellant exhausted with OSC her alleged disclosure, and we discern no basis to disturb it.

We modify the administrative judge's reasoning as to why the appellant failed to nonfrivolously allege that she disclosed a violation of law, rule, or regulation.

The administrative judge concluded that the appellant failed to nonfrivolously allege that she made a disclosure of a violation or law, rule, or regulation. ID at 10. In particular, he found that her "email communications regarding the salary the agency had offered her" were not protected because she did not cite to laws, rules, or regulations, but rather agency guidance regarding "the appropriate salary to offer to prospective employees." *Id.* He acknowledged that the appellant also alleged the agency violated 5 U.S.C. §§ 2301(b)(1) and 2302(b)(10) and (b)(12). ID at 4-5. However, he concluded that "it is well established that such claims do not come within the ambit of the Board's IRA jurisdiction." ID at 11. Although we agree with the administrative judge's jurisdictional conclusion, we disagree with his reasoning. Therefore, we modify

the initial decision as to the basis for concluding the appellant failed to establish jurisdiction.

¶8      A nonfrivolous allegation of a protected disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in her position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8).  *Salerno*, 123 M.S.P.R. 230, ¶ 6.  In determining if an appellant met the nonfrivolous pleading standard, we look at her allegations rather than the agency's contrary evidence or "interpretation of the evidence."  *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1368-69 (Fed. Cir. 2020).  The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.  *Salerno*, 123 M.S.P.R. 230, ¶ 6.

¶9      The gravamen of the appellant's arguments on review is that the administrative judge erred in finding she failed to nonfrivolously allege she violated a rule without applying the reasonable person test.  PFR File, Tab 1.  We agree.  We need not decide here whether the agency documents identified by the appellant in her disclosures are, in fact, laws, rules, or regulations within the meaning of whistleblower protection statutes.  At the jurisdictional stage, an appellant need only make a nonfrivolous allegation that a person in her position could reasonably conclude they were.[2]  *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶¶ 8-9 (2013); *see Mason v. Department of Homeland Security*,

---

[2] Because we agree with the appellant based on the language at 5 U.S.C. § 2302(b)(8), we do not reach her argument that the reasonable person test also is set forth in the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002, also known as the No FEAR Act.  PFR File, Tab 1 at 5.

116 M.S.P.R. 135, ¶ 17 (2011) (holding that, at the jurisdictional stage in an IRA appeal, an appellant is not required to identify the particular statutory or regulatory provision that the agency violated when his disclosures and the circumstances of them clearly implicate an identifiable law, rule, or regulation). While we agree with her that agency materials she referred to in her disclosures could appear to a reasonable person to be rules, we are not persuaded that the appellant nonfrivolously alleged that a reasonable person would believe the agency violated them.

¶10      In her disclosures, the appellant asserted that by failing to offer her the position at the higher EN-03 pay band, the agency violated its Policy Letter – Business Operating Procedure 329.1 (BOP) wherein it states "[i]t is the policy of the [agency] to fill positions efficiently and on the basis of merit."  IAF, Tab 4 at 46, Tab 6 at 97.  She also asserted that because the BOP stated the higher EN-03 pay band was equivalent to a GS-12 position, her year of experience as a Graduate Fellow qualified her for the EN-03 pay band.  IAF, Tab 4 at 46, Tab 6 at 100-01.  An alleged violation of personnel rules may constitute a protected disclosure of a violation of law, rule, or regulation.  *McDonnell v. Department of Agriculture*, 108 M.S.P.R. 443, ¶ 13 (2008); *Ganski v. Department of the Interior*, 86 M.S.P.R. 32, ¶¶ 9, 11-13 (2000).  Therefore, we consider here whether the appellant reasonably believed the agency violated its BOP.

¶11      As relevant here, the cited provision in the BOP reflects the agency's commitment to hiring on the basis of merit reflects without regard to prohibited factors such as race, marital status, and sexual orientation.  IAF, Tab 6 at 97.  It does not reference or concern salary decisions.  *Id.*  Therefore, a reasonable person reviewing the BOP could not conclude that the agency violated it by offering the appellant a lower salary or pay band.

¶12      As to the appellant's contention that she was entitled to an EN-03 position because she had 1 year of experience as a Graduate Fellow, it was premised on her assertion that this experience required that she be hired at the GS-12 level.

IAF, Tab 4 at 46. She relies on a BOP provision that describes "the level of duties" of the EN-03 pay band as "equivalent to grade levels GS-12 and GS-13 grade levels of the General Schedule."[3] *Id.* at 100. Another provision of the BOP specifically reflects that the agency views a GS-12 salary as "linked" to either a EN-00 or EN-03 position, and that "[i]nitial salary will be set in the pay bands as described in the . . . Guidebook." She does not identify any provision within the BOP that dictates the setting of pay bands.

¶13     Assuming that the fact that the GS-12 is "linked" to both the EN-00 or EN-03 levels in the BOP is significant, we are not persuaded that a reasonable person in the appellant's position would reasonably believe the agency was required to offer her a position at the higher EN-03 level. Perhaps more fundamentally, the appellant does not explain the basis of her belief that the agency was required by law, rule, or regulation to offer her a position at the equivalent of the GS-12 level due to her 1 year of experience. IAF, Tab 4 at 46. Therefore, she has not alleged sufficient facts which, taken as true, would demonstrate that a reasonable person in her position could believe that an offer at the EN-00 pay band level violated the BOP.

¶14     The appellant also stated in her disclosures that the setting of her salary at the EN-00 pay band violated section 7.c. of the Guidebook,[4] citing language that

---

[3] The appellant identified the cited provision as section C of the BOP. IAF, Tab 4 at 46. However, section C does not appear to be relevant to her disclosures. Instead, it states that in the event that a local collective bargaining agreement conflicts with the BOP, the agreement "will govern." IAF, Tab 6 at 97. Interpreting this pro se appellant's arguments in the light most favorable to her, we have analyzed her allegations as relating to section K of the BOP, to which we believe she is likely referring. IAF, Tab 6 at 99-100; *see Miles v. Department of Veterans Affairs*, 84 M.S.P.R. 418, ¶ 10 (1999) (stating that administrative judges should interpret pro se appellants' arguments in the most favorable light).

[4] Similarly, the appellant disclosed that the EN-00 pay band offer violated a 2017 Excepted Service Fact Sheet. IAF, Tab 4 at 47. The parties did not provide a copy of the Fact Sheet. Therefore, in considering the appellant's arguments on review, we have accepted her characterization of the Fact Sheet as containing, in relevant part, the same requirements as the Guidebook. *Id.*; *see Hessami*, 979 F.3d at 1368 (holding that

agency personnel setting salary for entry-level hires "should" give "consideration" to factors such as education and "relevant work experience . . . and knowledge." IAF, Tab 4 at 46-47, Tab 6 at 84-85. Specifically, the appellant expressed concern over the way the agency credited her 1 year of Graduate Fellows experience, maintaining that she should have been offered a higher salary or pay band because the Graduate Fellow and permanent positions involved "the exact [same] duties."[5] IAF, Tab 4 at 45-47. The agency determined that "[the

---

"whether the appellant has non-frivolously alleged protected disclosures that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face"). For the same reasons as discussed below regarding the Guidebook, we find the appellant has failed to make a nonfrivolous allegation that the agency violated the Fact Sheet.

[5] In further support of her claim, she alleged that "[Graduate Fellows] with the same education and experience qualifications [as her] have been offered EN-03 positions." IAF, Tab 4 at 46. She also asserted that other Graduate Fellows were "provided the same offer as [her]" even though they lacked her educational background and related work experience. *Id.* at 45. However, the appellant did not provide any relevant details regarding such individuals or indicate the basis of her statements. Such conclusory and unsubstantiated speculation is insufficient to amount to a nonfrivolous allegation that the appellant reasonably believed the agency made the same or different offers to other Graduate Fellows. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 18; *see Huffman v. Office of Personnel Management*, 92 M.S.P.R. 429, ¶ 10 (2002) (explaining that an appellant does not make a nonfrivolous allegation that he made protected disclosures if his disclosures appear to indicate that he is reporting unsubstantiated rumors or that he lacked a firm belief that wrongdoing had occurred). The appellant also argued below that the fact that the agency offered other Graduate Fellows the same salary was an abuse of authority. IAF, Tab 4 at 5. The Board has historically defined an abuse of authority as an arbitrary and capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to herself or to other preferred persons. *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 22 (2013). However, the U.S. Court of Appeals for the Federal Circuit has defined it more broadly as an arbitrary and capricious exercise of authority that is contrary to the agency's mission. *Smolinski v. Merit Systems Protection Board*, 23 F.4th 1345, 1351-52 (Fed. Cir. 2022). The administrative judge found that offering the same salary and grade to all Graduate Fellows was not an arbitrary or capricious abuse of authority. ID at 10-11. The appellant has not disputed this finding on review. In any event, because we have concluded the appellant failed to raise a nonfrivolous allegation based on the conclusory and unsubstantiated nature of her allegations, we need not determine

appellant's] salary offer is commensurate with [her] qualifications." *Id.* at 45. It viewed her 1 year of Graduate Fellow experience as shortening the period of service the appellant needed for promotion from the EN-00 to EN-03 pay band. IAF, Tab 6 at 56, 84.

¶15    A communication concerning policy decisions that lawfully exercise discretionary authority is not a protected disclosure unless the employee reasonably believes that the disclosure evidences any violation of any law, rule, or regulation; or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 12 n.6 (2015). Section 7.c. of the Guidebook generally lists factors relevant to salaries for new hires, and states more specifically that "salary for entry-level hires should be based primarily on education and academic achievement." IAF, Tab 6 at 84. It goes on to provide that "it may also be appropriate to consider . . . work experience . . . if that experience relates directly to the position." *Id.* It does not designate any specific salary amounts based on these factors, although it generally reflects that certain education levels fall within the lower, middle, or upper range of salaries for the EN-00 pay band. *Id.*

¶16    The cited provision does not provide that external hires may be brought in at pay band level EN-03, and the appellant has failed to explain why she reasonably believed it entitled her to this higher pay band. As to salary, we find that a reasonable person in the appellant's position could not interpret the Guidebook as requiring the agency to offer a salary higher than the $59,626 it offered based on her 1 year of experience because the Guidebook provides no specific salary amounts. Further, as discussed above, the Guidebook provides discretion regarding how to factor in education. As such, we find that the appellant could not have reasonably believed that by expressing her disagreement

whether the administrative judge applied the correct definition of abuse of authority in making his findings.

with the agency's grade and salary determinations, she disclosed a violation of law, rule, or regulation.

¶17    According to the appellant, "abiding by merit-based principles would qualify [her] for a position at the EN-03 pay band." IAF, Tab 4 at 47. In particular, she cited to merit systems principles that all employees be treated "fairly and equitably and provide[d] equal pay or equal work." *Id.* On her appeal form, she specifically alleged the agency violated 5 U.S.C. §§ 2301(b)(1) and 2302(b)(10) and (b)(12). IAF, Tab 1 at 5. The administrative judge found that the appellant's allegations concerning these statutory provisions do not fall within the Board's IRA jurisdiction. ID at 11. Although we find he was mistaken, we agree that the appellant failed to make nonfrivolous allegations that she reasonably believed the agency violated a statute.

¶18    Protected disclosures in an IRA appeal can include disclosures that an agency violated merit systems principles. *McDonnell*, 108 M.S.P.R. 443, ¶ 12; *Luecht v. Department of the Navy*, 87 M.S.P.R. 297, ¶ 14 (2000). Under 5 U.S.C. § 2302(b)(12), it is prohibited to take or fail to take a personnel action if doing so violates any law, rule, or regulation implementing or directly concerning merit system principles. *McDonnell*, 108 M.S.P.R. 443, ¶ 12. Pursuant to 5 U.S.C. § 2301(b)(1), the merit system principles mandate that "[r]ecruitment should be made from qualified individuals . . . solely on the basis of," among other factors, relative knowledge and skills. Assuming, without finding, that "recruitment" includes salary as well as hiring, neither in her disclosures nor during the proceedings below did the appellant provide a basis for believing that the salary she offered was not based on her education and experience. IAF, Tab 1 at 5, Tab 4 at 4, 19, 45. Instead, as discussed above, she disagreed with the way in which the agency credited her 1 year of Graduate Fellow experience. Thus, we are not persuaded that a reasonable person in her position could reasonably believe that she disclosed a violation of 5 U.S.C. § 2301(b)(1) or (b)(12).

¶19     The appellant also alleged in her initial appeal that after the agency rescinded her job offer, she provided her résumé at NNSA job fairs and to NNSA offices.     IAF, Tab 1 at 4.     She asserted the agency violated 5 U.S.C. § 2302(b)(10), which generally prohibits discrimination for reasons that do "not adversely affect . . . performance," when it did not respond with an offer of employment.     *Id.*     While this may be an allegation of an additional personnel action, it does not support the appellant's claim that she made a protected disclosure in May 2020, before she attended these job fairs.     Therefore, we have not considered this alleged violation of law further.     The administrative judge also concluded that the appellant's disclosure did not implicate any other category of wrongdoing under 5 U.S.C. § 2302(b)(8).     ID at 10.     The parties do not dispute this finding on review and we discern no basis to disturb it.

¶20     Accordingly, we affirm the decision as modified.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.     5 C.F.R. § 1201.113.     You may obtain review of this final decision.     5 U.S.C. § 7703(a)(1).     By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.     5 U.S.C. § 7703(b).     Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.     If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.     Failure to file

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.