**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BILLY WRIGHT,
       Appellant,

     v.

DEPARTMENT OF JUSTICE,
       Agency.

DOCKET NUMBER
NY-1221-17-0078-W-1

DATE: February 21, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Christina Quashie, Esquire, Alan Lescht, Esquire, and Jack Jarrett, Esquire, Washington, D.C., for the appellant.

Jennifer A. Weger, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REVERSE the initial decision, and REMAND the case to the Board's New York Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant holds a Supervisory Criminal Investigator position with the agency's Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Miami Field Division, Puerto Rico I Field Office in Hato Rey, Puerto Rico. Initial Appeal File (IAF), Tab 12 at 56, 152. The appellant filed a complaint with the Office of Special Counsel (OSC) against the agency and included a declaration.[2] IAF, Tab 10 at 14-34. He provided OSC with a timeline of events in response to OSC's request for additional information. IAF, Tab 5 at 11-14. In two separate letters dated December 20, 2016, OSC notified the appellant that it had closed the file on his complaint and that he may have a right to file an IRA appeal seeking corrective action from the Board for alleged prohibited personnel practices under 5 U.S.C. § 2302(b)(8). *Id.* at 7-9. OSC summarized his complaint as alleging that, after he disclosed that agency officials mismanaged a specific program and that a subordinate employee failed to submit timely credit card statements and justifications, the agency proposed to both demote and suspend him for 14 days, mitigated the proposed penalty to a 14-day suspension, reassigned him to a nonsupervisory position, and did not select him for a position. *Id.* at 8.

¶3    On February 13, 2017, the appellant filed this IRA appeal and requested a hearing. IAF, Tab 1 at 1-7. In an Order on Jurisdiction and Proof Requirements, the administrative judge informed the appellant that there was a question whether the Board has jurisdiction over his appeal, apprised him of the elements and burden of establishing jurisdiction over an IRA appeal, and ordered him to file a statement with accompanying evidence on the jurisdictional issue. IAF, Tab 7.

---

[2] The agency does not dispute that the appellant submitted a declaration with his OSC complaint. *Compare* IAF, Tab 12 at 9-10, *with* IAF, Tab 10 at 14-34.

After the appellant filed an 89-page response, the administrative judge ordered him to supplement and clarify his pleading.  IAF, Tabs 10-11.

¶4      In his clarified response, the appellant claimed that he made the following five disclosures:  (a) on March 19, 2013, he emailed the Chief of the Equal Employment Opportunity (EEO) office to request a meeting concerning the subordinate employee; (b) on or around March 19, 2013, he met with the deciding official for his 14-day suspension and told him that the subordinate employee had not submitted credit card documentation in over a year and abused agency regulations related to travel restrictions and credit card limits; (c) on March 21, 2013, he met with agency officials in the Internal Affairs Division (IAD) regarding the subordinate employee's violations of the agency's credit card policies; (d) on April 18, 2013, an IAD official emailed Deputy Assistant Director (DAD) B.Z. and the deciding official, forwarding IAD's conclusion that the subordinate employee had violated agency policies; and (e) on September 10, 2013, he met with the Special Operations Division Deputy Chief and DAD T.A. regarding the subordinate employee's violations of regulations.  IAF, Tab 14 at 4-5.  The appellant further asserted that he engaged in the following three protected activities:  (a) in August 2015, during a meeting with the proposing official for his proposed demotion and suspension, he discussed his request to transfer offices from Kansas City to San Juan and the subordinate employee's regulatory violations; (b) in his January 30, 2016 response to the agency's proposed demotion and suspension, he raised a whistleblower reprisal claim; and (c) on March 2, 2016, he filed a grievance of the agency's suspension decision and raised a whistleblower reprisal claim.  *Id.* at 5.  In addition, the appellant alleged that the agency took the following five actions as a result of the disclosures and activities described above:  (a) in July 2013, DAD B.Z. transferred the subordinate employee out of his chain-of-command; (b) DAD T.A. pressured him to transfer offices from Washington, D.C., to Kansas City; (c) the agency appointed an employee from the Washington, D.C., office to serve as the

Special Agent in Charge of the San Juan office "over" him; (d) the agency proposed his demotion and 14-day suspension; and (e) the agency suspended him for 14 days. *Id.* at 6.

¶5 Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 20, Initial Decision (ID) at 1, 8. Specifically, she found that the appellant failed to prove exhaustion of his OSC remedies regarding alleged disclosures (a)[3] and (d), protected activities (a)-(c), and actions (a)-(c).[4] ID at 5-6. She further found that the appellant proved exhaustion of his OSC remedies regarding the alleged disclosures (b) and (c) of the subordinate employee's improper credit card usage and documentation to the deciding official and IAD in March 2013, and the alleged actions (d) and (e) of his proposed demotion and suspension, and the imposed 14-day suspension. *Id.* In addition, the administrative judge found that the appellant made a nonfrivolous allegation that he made a protected disclosure because he alleged that he reasonably believed that he disclosed a violation of law, rule, or regulation when he reported the subordinate employee's violation of credit card policies. ID at 6. She concluded that he failed to nonfrivolously allege that a protected disclosure was a contributing factor in the proposed demotion and suspension, or imposed 14-day suspension. ID at 7.

¶6 The appellant has filed a petition for review challenging the administrative judge's jurisdictional findings. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

---

[3] The administrative judge referred to the appellant's alleged disclosure to the deciding official in March 2013 as disclosure (a). ID at 5. This was a typographic error, and the initial decision should instead reference disclosure (b).

[4] The administrative judge did not address alleged disclosure (e), and the appellant does not raise it as an issue on review. Petition for Review File, Tab 1; ID at 5. Thus, we decline to consider whether alleged disclosure (e) is within our jurisdiction as a protected disclosure. However, as discussed below, we find that it is relevant to our analysis of the contributing factor criterion.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶7    To establish jurisdiction in an IRA appeal, an appellant generally must show by preponderant evidence that he exhausted his administrative remedies before OSC and make nonfrivolous allegations[5] that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).[6] *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016). Once an appellant establishes jurisdiction over an IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015). For the following reasons, we reverse the initial decision and remand the appeal for further adjudication because we find that the appellant has established jurisdiction over this IRA appeal.[7]

The appellant proved by preponderant evidence that he exhausted his OSC remedies regarding alleged disclosures (a)-(d), protected activities (b) and (c), and actions (d) and (e).

¶8    In his petition for review, the appellant asserts that he exhausted alleged disclosures (a)-(d) and protected activities (a)-(c) before OSC. PFR File, Tab 1

---

[5] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

[6] Pursuant to the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465, effective December 27, 2012, Congress expanded the grounds on which an appellant may file an IRA appeal with the Board. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 5 (2015). The alleged actions at issue in the instant appeal occurred after the effective date of the WPEA. The relevant holdings of pre-WPEA case law that we have cited in this Remand Order have not been affected by the WPEA.

[7] We have reviewed the relevant legislation amending the whistleblower protection statutory scheme that was enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal, nor does it affect the relevant holdings of the case law cited in this Remand Order.

at 6.  He does not challenge the administrative judge's finding that only alleged actions (d) and (e), his proposed demotion and suspension, and imposed 14-day suspension, were properly exhausted before OSC.  *Id.* at 10 n.3; ID at 6.  Thus, we decline to address alleged actions (a)-(c).

¶9    Under 5 U.S.C. § 1214(a)(3), an employee is required to "seek corrective action from [OSC] before seeking corrective action from the Board" through an IRA appeal.  *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015).  The substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation.  *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10.  The Board's jurisdiction over an IRA appeal is limited to those issues that have been previously raised with OSC, but appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC.  *Id.*  Appellants may demonstrate exhaustion of their OSC remedies with evidence regarding their initial OSC complaint and other communications with OSC concerning their allegations.  *See Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 8 (2010).

¶10    Based on our review of the appellant's submissions to OSC, we find that he proved by preponderant evidence that he exhausted his OSC remedies regarding alleged disclosures (a)-(d), protected activities (b) and (c), and actions (d) and (e).  In his declaration and timeline of events submitted to OSC, the appellant claimed, in relevant part, the following:  on March 18, 2013, he emailed the Chief of the EEO office regarding the subordinate employee;[8] in March 2013, he met with the deciding official and disclosed the subordinate employee's policy violations; on March 21, 2013, he met with IAD officials regarding the subordinate employee's credit card usage and documentation; on April 18, 2013, he received an email from IAD referring the matter regarding the subordinate

_____

[8] The appellant identified the Chief of the EEO office as "ATF counsel."  IAF, Tab 5 at 12.

employee to management; on December 1, 2015, the proposing official proposed his demotion and 14-day suspension; on January 25, 2016, he provided to the deciding official an oral and written response to the proposed demotion and suspension, and he alleged reprisal for disclosing the subordinate employee's violation of agency regulations; on February 12, 2016, the deciding official issued a decision to suspend him for 14 days; and on March 2, 2016, he filed a grievance of his suspension and raised a whistleblower reprisal claim. IAF, Tab 5 at 12-14, Tab 10 at 29-30, 32-34. Thus, we find that the appellant provided OSC with a sufficient basis to pursue an investigation into his claim that the agency retaliated against him for disclosing potential violations of 5 U.S.C. § 2302(b)(8) and (b)(9)(A)(i), (B), (C), or (D). *See Briley v. National Archives and Records Administration*, 236 F.3d 1373, 1378 (Fed. Cir. 2001) (finding that the appellant proved exhaustion when her letters to OSC contained the core of her retaliation claim, giving OSC a sufficient basis to pursue an investigation).[9]

¶11    Further, we agree with the administrative judge's finding that the appellant failed to prove exhaustion regarding alleged protected activity (a), that he met with the proposing official in August 2015 regarding his request to transfer to the San Juan office and discussed the subordinate employee's regulatory violations. ID at 5-6; *see Miller*, 122 M.S.P.R. 3, ¶ 10 (finding that the appellant failed to prove that he sought corrective action with OSC regarding new allegations of protected activity that were separate from the core of his retaliation claim described in his submissions to OSC). Although the appellant disputes that finding on review, there is no evidence that he informed OSC that he discussed

---

[9] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues. However, pursuant to the All Circuit Review Act, Pub. L. No. 115 195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B). Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

the subordinate employee's regulatory violations with the proposing official in August 2015. PFR File, Tab 1 at 8. The appellant did not allege meeting the proposing official in August 2015 in his initial OSC complaint or timeline of events, nor was a meeting described in OSC's letters. However, the appellant asserted in his declaration to OSC that, on August 20, 2015, he had a meeting with the proposing official regarding opportunities for a lateral reassignment to San Juan and that the proposing official stated his intention to facilitate further conversation on the matter with other agency officials. IAF, Tab 10 at 32. We find that this assertion failed to give OSC a sufficient basis to pursue an investigation of potential violations of 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D).[10]

## The appellant has made a nonfrivolous allegation that he made protected disclosures that were contributing factors in personnel actions.

¶12    The next jurisdictional inquiry is whether the appellant has made a nonfrivolous allegation that he made a protected disclosure or engaged in a protected activity that was a contributing factor in a personnel action. *See Corthell*, 123 M.S.P.R. 417, ¶ 8. A nonfrivolous allegation of a protected disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016).

¶13    To satisfy the contributing factor criterion at the jurisdictional stage, an appellant only need raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure or activity was one factor that tended to affect the personnel action in any way. *Id.*, ¶ 13. Under the knowledge-timing test, an

---

[10] Even assuming that the appellant proved exhaustion regarding alleged protected activity (a), we find that he has failed to make a nonfrivolous allegation that activity (a) constitutes protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). PFR File, Tab 1 at 8-9; IAF, Tab 14 at 5.

appellant may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *See* 5 U.S.C. § 1221(e)(1); *Salerno*, 123 M.S.P.R. 230, ¶ 13. In addition to the knowledge-timing test, there are other possible ways for an appellant to satisfy the contributing factor criterion. *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶¶ 14-15 (2012) (explaining that other evidence relevant to the contributing factor criterion includes the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether those officials had a desire or motive to retaliate).

¶14    Here, the appellant does not dispute, and we find no reason to disturb, the administrative judge's finding that alleged disclosure (a), his email to the Chief of the EEO office requesting a meeting, is not a protected disclosure. PFR File, Tab 1 at 7; ID at 5 n.5; IAF, Tab 14 at 7-10. Further, we agree with the administrative judge's finding that the appellant made a nonfrivolous allegation that he reasonably believed he disclosed a violation of law, rule, or regulation when he reported the subordinate employee's alleged violation of credit card policies to the deciding official and IAD officials in March 2013. ID at 6; *see Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶¶ 2-3, 18-19 (2002) (finding that the appellant nonfrivolously alleged that he reasonably believed that his disclosure of his supervisor's improper credit card purchases evidenced a violation of a rule under 5 U.S.C. § 2302(b)(8)). Thus, we find that the appellant has nonfrivolously alleged that disclosures (b) and (c) are protected disclosures under 5 U.S.C. § 2302(b)(8)(A)(i). Moreover, we find no reason to disturb the administrative judge's finding that the appellant failed to make a nonfrivolous allegation that disclosure (d), an email from an IAD official forwarding IAD's

conclusion that the subordinate employee violated agency policies, is a protected disclosure. PFR File, Tab 1 at 7-8; ID at 5 n.5. The appellant's submission of the email chain at issue shows that he received, but did not send, an email. IAF, Tab 10 at 36-39. Thus, we find that he has failed to nonfrivolously allege that he made a communication or transmission meeting the definition of a "disclosure" under 5 U.S.C. § 2302(a)(2)(D).

¶15   Further, we find that alleged protected activity (c), filing a grievance that raises a whistleblower reprisal claim, constitutes a nonfrivolous allegation of protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). However, because the appellant filed an administrative grievance after the agency proposed his demotion and 14-day suspension and imposed his 14-day suspension, his protected activity could not have been a contributing factor to those actions. IAF, Tab 10 at 32-34, Tab 12 at 51-56, 97-102, Tab 15 at 4-6; *see Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 8 n.3 (2016) (affirming the administrative judge's finding that the appellant's alleged disclosures that occurred after the personnel actions at issue could not have been a contributing factor in those actions). In addition, we find that alleged actions (d) and (e) are personnel actions because demotions and 14-day suspensions are "action[s] under chapter 75 of [Title 5] or other disciplinary or corrective action[s]." 5 U.S.C. § 2302(a)(2)(A)(iii).

¶16   Regarding alleged protected activity (b), we find that the appellant has failed to nonfrivolously allege that providing an oral and written reply to the agency's proposed demotion and 14-day suspension constitutes protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). PFR File, Tab 1 at 8-9. However, we find that the appellant has made a nonfrivolous allegation that he made a protected disclosure under 5 U.S.C. § 2302(b)(8)(A)(i) of a violation of the Whistleblower Protection Act (WPA), as amended, by raising a whistleblower reprisal claim in his oral and written reply to the proposed demotion and suspension. IAF, Tab 12 at 57, 94-95; *cf. Pulcini v. Social Security*

*Administration*, [83 M.S.P.R. 685](#), ¶ 8 (1999) (explaining that, at the jurisdictional stage of an IRA appeal, an appellant need not correctly label a category of wrongdoing under [5 U.S.C. § 2302](#)(b)(8)), *aff'd*, 250 F.3d 758 (Fed. Cir. 2000) (Table).  We further find that the appellant has made a nonfrivolous allegation of a contributing factor between his disclosure of a WPA violation and his suspension through the knowledge-timing test.  The deciding official stated in his February 2016 decision to impose the 14-day suspension that he considered the appellant's oral and written replies, and the deciding official made his decision only 1 month after the appellant presented his replies in January 2016.  IAF, Tab 15 at 4-6.

¶17    In contrast, we find that the appellant has failed to meet the knowledge-timing test regarding alleged disclosures (b) and (c) because more than 2 ½ years passed between when the appellant allegedly made those disclosures in March 2013, and when the agency proposed his demotion and suspension in December 2015 and decided to suspend him in February 2016.  IAF, Tab 12 at 97-102, Tab 15 at 4-6; *see Salerno*, [123 M.S.P.R. 230](#), ¶ 14 (recognizing that the Board has held that a personnel action taken within approximately 1 to 2 years of an appellant's disclosures satisfies the timing component of the knowledge-timing test).  However, the knowledge-timing test is not the only way for an appellant to satisfy the contributing factor criterion. *Dorney*, [117 M.S.P.R. 480](#), ¶ 14.

¶18    Here, the subordinate employee filed an EEO complaint against the appellant in August 2013 asserting, among other things, that, in late March 2013, he reported her to IAD for misuse regarding credit card purchases and travel requests.  IAF, Tab 12 at 105, 131.  The agency's Complaint Adjudication Office (CAO) issued a decision on her complaint and found, among other things, that the appellant subjected her to a hostile work environment by referring her for an IAD investigation.  *Id.* at 140, 142.  Based on the CAO decision, the agency proposed the appellant's demotion and suspension and decided to impose his 14-day

suspension. IAF, Tab 12 at 97-101, Tab 15 at 4-5. In particular, the proposal notice quoted the part of the CAO decision discussing the appellant's referral of the subordinate employee to IAD. IAF, Tab 12 at 98. Moreover, the appellant explicitly raised his report of the subordinate employee's expenditures and travel spending to IAD as a protected disclosure in his written reply to the proposal notice, which the deciding official considered in making his decision. IAF, Tab 12 at 94-95, Tab 15 at 4. Based on the above, we find that the appellant has made a nonfrivolous allegation that both the deciding and proposing officials gave weight to alleged disclosure (c) to IAD. *See Dorney*, 117 M.S.P.R. 480, ¶ 15 (finding that, any weight given to a whistleblower disclosure, either alone or in combination with other factors, can satisfy the contributing factor criterion). We further find that the appellant has made a nonfrivolous allegation that the deciding official had a motive to retaliate against him based on his assertions that the deciding official was involved with overseeing the program for which the subordinate employee served as a Program Manager and that DAD T.A. told him that he had upset management officials because he had expressed his opinion that the subordinate employee's failure to follow agency regulations reflected a failure of management. IAF, Tab 5 at 12, Tab 10 at 30-31, Tab 12 at 60, 68-69; *see Dorney*, 117 M.S.P.R. 480, ¶ 15. Therefore, we find that the appellant has made a nonfrivolous allegation that alleged disclosures (b) and (c) were contributing factors in his proposed demotion and suspension, and imposed suspension.

¶19    Accordingly, we find that the appellant has established jurisdiction over his claim that the agency proposed his demotion and suspension and imposed his 14-day suspension for disclosing the subordinate employee's credit card usage and documentation to the deciding official and IAD, and for disclosing a violation

of the WPA in his oral and written reply.  Thus, we remand this IRA appeal for a hearing on the merits.[11]

## ORDER

¶20      For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.

---

[11] An issue that the administrative judge may need to address on remand is whether the appellant's disclosures were made during the normal course of his duties.  Section 101 of the WPEA provided that disclosures "made during the normal course of duties of an employee" are protected if the agency "took, failed to take, or threatened to take or fail to take a personnel action with respect to that employee in reprisal for the disclosure." This provision was initially codified at 5 U.S.C. § 2302(f)(2).  On October 26, 2017, Congress enacted the Dr. Chris Kirkpatrick Whistleblower Protection Act of 2017, Pub. L. No. 115-73, 131 Stat. 1235, which recodified the provision at 5 U.S.C. § 2302(e)(2).  Section 1097 of the National Defense Authorization Act for Fiscal Year 2018, Pub. L. No. 115-91, 131 Stat. 1283 (2017) (NDAA for 2018), amended and recodified the provision at 5 U.S.C. § 2302(f)(2).  The NDAA for 2018 amendment to 5 U.S.C. § 2302(f)(2) applies retroactively. *Salazar v. Department of Veterans Affairs*, 2022 MSPB 42, ¶¶ 15-21.  The administrative judge should consider what effect, if any, the aforementioned pieces of legislation have on this appeal.