**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 8**

Docket No. PH-1221-17-0161-W-1

**Dwyne Chambers,**

**Appellant,**

**v.**

**Department of Homeland Security,**

**Agency.**

May 2, 2022

Dwyne Chambers, Jarrettsville, Maryland, pro se.

Lorna J. Jerome, Esquire, Washington, D.C., for the agency.

Sally Gnat, Esquire and Christopher G. Leo, Esquire, Washington, D.C.,
for *amicus curiae*, Office of Special Counsel.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**OPINION AND ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his whistleblower individual right of action (IRA) appeal for lack of jurisdiction.  For the reasons set forth in this Opinion and Order, we DENY the appellant's petition for review, VACATE the initial decision, and DISMISS the appeal for lack of jurisdiction.

BACKGROUND

¶2    The appellant is employed as a Pipefitter at the agency's U.S. Coast Guard Yard in Baltimore, Maryland.  Initial Appeal File (IAF), Tab 9 at 81-85.  On or

about March 30, 2016, he filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC) alleging that the agency took various actions against him in reprisal for his protected disclosures and protected activity. IAF, Tab 1 at 5-57. On October 14, 2016, OSC sent him a preliminary determination letter with its proposed factual and legal determinations regarding his complaint and notified him that he had 13 days to respond. *Id.* at 3. On November 16, 2016, OSC sent the appellant a closure letter notifying him that it had not received any comments from him, it was terminating its investigation, and he could file an appeal with the Board. *Id.* at 3-4.

¶3 On January 14, 2017, the appellant filed this IRA appeal. IAF, Tab 1. The administrative judge issued a jurisdictional order informing the appellant of his burdens of proving that he had exhausted his administrative remedies before OSC and of raising nonfrivolous allegations that he made a protected disclosure or engaged in protected activity that was a contributing factor in the agency's decision to take a personnel action against him. IAF, Tab 7. After the appellant failed to respond to the order, the administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID). The administrative judge found that the appellant failed to exhaust his administrative remedies before OSC because he failed to respond to OSC's preliminary determination letter. ID at 6-7. Alternatively, the administrative judge found that the appellant's claims were conclusory and vague and, thus, failed to amount to nonfrivolous allegations that he made a protected disclosure or engaged in protected activity that was connected to any action taken against him. ID at 7.

¶4 The appellant has filed a petition for review to which the agency has not responded. Petition for Review (PFR) File, Tab 1. OSC has filed an amicus

curiae brief in which it argues that the administrative judge erred in finding that the appellant failed to exhaust his administrative remedies.[1]  PFR File, Tab 3.

## ANALYSIS

<u>The administrative judge erred in finding that the appellant failed to exhaust his administrative remedies as a result of his failure to respond to OSC's preliminary determination letter.[2]</u>

¶5    In a whistleblower IRA appeal, an appellant "shall seek corrective action from the Special Counsel before seeking corrective action from the Board." 5 U.S.C. § 1214(a)(3).  This requirement of administrative exhaustion entails both substantive and procedural requirements.  Procedurally, it requires that an appellant show that OSC has notified him that it terminated its investigation and no more than 60 days have elapsed since such notification was provided to him.[3] 5 U.S.C. § 1214(a)(3)(A); *see* 5 C.F.R. § 1209.5(a).

¶6    The administrative judge found that the appellant failed to exhaust his administrative remedies before OSC because OSC terminated its investigation after the appellant failed to respond to its preliminary determination letter.  ID at 6-7.  The administrative judge reasoned that, by failing to respond to OSC's preliminary determination letter, the appellant failed to comply with OSC's procedures and, thus, failed to fully exhaust his administrative remedies.  ID at 7.

---

[1] We grant OSC's unopposed motion for leave to file an amicus curiae brief.  PFR File, Tab 3 at 2-3 & n.1; *see* 5 C.F.R. § 1201.34(e).  OSC has also filed a request for leave to file an additional pleading.  PFR File, Tab 4.  Because Member Leavitt served as Principal Deputy Special Counsel at the time of this request, he has recused himself from considering it.  Therefore, a sufficient quorum does not exist to rule on the second motion.

[2] Although the appellant's one-line petition for review does not meet the Board's criteria for review, *see* 5 C.F.R. § 1201.115, the issue of the Board's jurisdiction is always before the Board and may be raised sua sponte by the Board at any time, *see Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010).

[3] Alternatively, an appellant also can show that 120 days have elapsed since he sought corrective action from OSC, and he has not been notified by OSC that it would seek corrective action on his behalf.  5 U.S.C. § 1214(a)(3)(B).

The administrative judge, however, cited no authority in support of such a finding. In its amicus brief, OSC argues that the appellant was not required to respond to its preliminary determination letter in order to have exhausted his administrative remedies. PFR File, Tab 3. We agree.

¶7      The statutory requirements for OSC's processing of whistleblower complaints are set forth in 5 U.S.C. § 1214. In pertinent part, that section provides that, no later than 10 days before terminating its investigation, OSC must provide to the individual who made an allegation of a prohibited personnel practice a written status report containing its proposed findings of fact and legal conclusions.[4]  5 U.S.C. § 1214(a)(1)(D). It further provides that the individual who made the allegation of a prohibited personnel practice "*may* submit written comments about the report" to OSC. *Id.* (emphasis added). After reviewing any comments submitted by the individual, if OSC nonetheless decides to terminate its investigation, it must provide that individual with written notice of the termination of its investigation, containing a summary of the relevant facts, its response to any comments submitted by the individual, and the reasons for terminating its investigation.[5]  5 U.S.C. § 1214(a)(2)(A).

¶8      As OSC points out, the language in 5 U.S.C. § 1214(a)(1)(D) is permissive regarding an individual's response to OSC's preliminary determination letter and nothing in the statute requires an individual to respond to OSC's preliminary determination letter to retain his IRA appeal rights. Thus, we find that the appellant was not required to respond to OSC's preliminary determination letter to prove that he exhausted his administrative remedies and the administrative judge erred in misconstruing the appellant's opportunity to respond under 5 U.S.C. § 1214(a)(1)(D) as a requirement to respond. Instead, as explained

---

[4] OSC refers to such a report as a preliminary determination letter. PFR File, Tab 3 at 6.

[5] OSC refers to this as a closure letter. PFR File, Tab 3 at 7.

below, the relevant inquiry concerning exhaustion in this matter is whether the appellant provided OSC with sufficient detail concerning his claims.

<u>The appellant's request for corrective action concerning events that occurred prior to August 15, 2014, is barred by a settlement agreement.</u>

¶9    The appellant seeks corrective action concerning events that occurred between 2008 and 2012.  IAF, Tab 1 at 4, 11-12, 14-15.  The agency moved to dismiss the appeal, in part arguing that it was barred by a prior settlement agreement resolving the appellant's equal employment opportunity (EEO) complaint in which he alleged that his nonselection in 2012 was due to discrimination.  IAF, Tab 6 at 5, 76-79.  The appellant did not respond to the agency's motion and has not contested the validity of the settlement agreement, which he signed on August 15, 2014.  *Id.* at 79.  In the agreement, the agency agreed to place the appellant in a Work Leader position for 30 days, provide him with priority consideration for the next Work Leader position, provide him certain training, and pay his attorney's fees.  *Id.* at 76-77.  In exchange, the appellant agreed to withdraw his EEO complaint and "to waive his rights to pursue any complaint, related claim, or charge arising from facts extant [sic] through the date of this Agreement."  *Id.* at 77.  He further agreed that the Settlement Agreement and General Release included "all Claims that he has the right to pursue before the [Equal Employment Opportunity Commission], the Merit Systems Protection Board, the Office of Special Counsel, whether past, present, or future, regarding facts arising on or prior to the date of his signing this Agreement, which he may have against the Agency."  *Id.* at 78.  Thus, we find that the settlement agreement precludes the appellant from pursuing any claims before the Board against the agency regarding facts arising on or before August 15, 2014.  *See, e.g.*, *Vogel v. Department of the Navy*, [106 M.S.P.R. 451](#), ¶¶ 2, 5 (2007) (construing the language in a similar settlement agreement to preclude a subsequent appeal based on matters that occurred prior to the settlement agreement).  In particular, to the extent the appellant is alleging that he was not selected for Pipefitter Work

Leader positions in 2008 and 2012 in reprisal for his whistleblowing, IAF, Tab 1 at 11-12, such claims are barred by the settlement agreement.

<u>The appellant exhausted his administrative remedies regarding his claim that he received a written admonishment on February 18, 2016, in reprisal for making protected disclosures on May 17 and August 1, 2007, and for filing grievances in June 2007, and May 2011.</u>

¶10    As described above, 5 U.S.C. § 1214(a)(3) requires that an appellant in an IRA appeal exhaust his administrative remedies by seeking corrective action from OSC before seeking corrective action from the Board. The substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Mount v. Department of Homeland Security*, 937 F.3d 37, 47-48 (1st Cir. 2019); *Delgado v. Merit Systems Protection Board*, 880 F.3d 913, 916 (7th Cir. 2018); *Acha v. Department of Agriculture*, 841 F.3d 878, 883-84 (10th Cir. 2016); *McCarthy v. Merit Systems Protection Board*, 809 F.3d 1365, 1374 (Fed. Cir. 2016); *Briley v. National Archives & Records Administration*, 236 F.3d 1373, 1377-78 (Fed. Cir. 2001); *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1037 (Fed. Cir. 1993); *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992); *Knollenberg v. Merit Systems Protection Board*, 953 F.2d 623, 626 (Fed. Cir. 1992); *Tuten v. Department of Justice*, 104 M.S.P.R. 271, ¶ 5 (2006) *aff'd*, No. 2007-3145, 2007 WL 2914787 (Fed. Cir. Oct. 5, 2007).[6] The purpose of requiring an appellant to exhaust his remedies with OSC before filing an IRA appeal with the Board is to give OSC "the opportunity to take corrective action

---

[6] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on this issue. However, as a result of changes initiated by the Whistleblower Protection Enhancement Act of 2012 (Pub. L. No. 112-199, 126 Stat 1465), extended for three years (All Circuit Review Extension Act, Pub. L. No. 113-170, 128 Stat. 1894), and eventually made permanent (All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510), we must consider this issue with the view that the appellant ultimately may seek review of this decision before any appropriate court of appeal. *See* 5 U.S.C. § 7703(b)(1)(B).

before involving the Board in the case." *Ward*, 981 F.2d at 526. Thus, "the Board's jurisdiction over an IRA appeal . . . is . . . limited to those issues that have been previously raised with OSC." *Miller v. Merit Systems Protection Board*, 626 F. App'x 261, 267 (Fed. Cir. 2015). An appellant may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Briley*, 236 F.3d at 1378.

¶11     An appellant may demonstrate exhaustion through his initial OSC complaint or correspondence with OSC. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). In the alternative, exhaustion may be proved through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in the MSPB appeal. *Delgado*, 880 F.3d at 927.[7] The appellant must prove exhaustion with OSC by preponderant evidence, not just present nonfrivolous allegations of exhaustion. 5 U.S.C. § 1214(a)(3); 5 C.F.R. § 1201.57(c)(1).

¶12     On appeal to the Board, the appellant submitted his OSC complaint and other correspondence with OSC, but did not explain his claims further. IAF, Tab 1. OSC characterized the appellant's complaint as alleging that he received a written admonishment on February 18, 2016, and was not selected for several positions in reprisal for his May 17, 2007 email disclosing violations of agency regulations COMDTINST 5375.1 and 5375.1B, for filing a statement with the U.S. Coast Guard police,[8] and for filing union grievances. *Id*. at 4. The appellant

---

[7] Notably, MSPB's Appeal Form, OMB No. 3124-0009, specifically requires a certification attesting to the truthfulness of the statements made in the appeal and is entitled to evidentiary weight. *See Geier v. Department of the Treasury*, 90 M.S.P.R. 186, ¶ 8 (2001). Should an appellant attest in the initial appeal that they raised with OSC the substance of the facts in the appeal, this should be sufficient to prove they have met the requirements of 5 U.S.C. § 1214(a)(3) if it is unrebutted. *See Fouchia v. Office of Personnel Management*, 108 M.S.P.R. 271, ¶ 7 (2008).

[8] In his OSC complaint, the appellant indicated that he filed the U.S. Coast Guard police statement on August 1, 2007. IAF, Tab 1 at 10, 25.

has not disputed OSC's characterization of his claims. Before OSC, the appellant referenced and provided documentation concerning his July 2007 grievance, which concerned his claim that a Pipefitter Foreman was subjecting him to a hostile work environment and had made a sarcastic comment about doing union business on overtime, tried to provoke him into a confrontation, and requested his time and attendance report in reprisal for his alleged May 17, 2007 disclosure. *Id.* at 10, 26-37. He also referenced a grievance that he filed concerning his performance evaluation rating for the period from April 1, 2010, to March 31, 2011, and asserted that he believed his rating constituted reprisal because the evaluating supervisor previously had received disciplinary action as a result of his May 17, 2007 email.[9] *Id.* at 11-12.

¶13     Thus, we find that the appellant exhausted before OSC his claims that he made the following protected disclosures: (1) on May 17, 2007, he disclosed that his coworkers had violated agency regulations COMDTINST 5375.1 and 5375.1B by sending sexually explicit material via the U.S. Coast Guard's data network and email accounts using U.S. Coast Guard computer equipment; and (2) on August 1, 2007, he filed a statement with U.S. Coast Guard Police asserting that someone had cut his rear passenger tire. *Id.* at 4, 10, 22, 25. The appellant also exhausted his allegation that he engaged in protected activity when he filed union grievances in July 2007, and May 2011. *Id.* at 10, 26-37. Finally, the appellant exhausted his claim that, on February 18, 2016, he received a written admonishment in reprisal for such disclosures and protected activity.[10] *Id.* at 14-15, 54-55.

---

[9] Although the appellant did not indicate the date that he filed this grievance, according to the agency's evidence, it appears to have been filed in or around May 2011. IAF, Tab 9 at 36-38.

[10] Before OSC the appellant also raised claims that he was not selected for three Pipefitter Work Leader positions. IAF, Tab 1 at 11. He provided specific details concerning his nonselection in 2008. *Id.* The agency's evidence indicates that it also

<u>The appellant failed to raise nonfrivolous allegations of IRA jurisdiction concerning the February 18, 2016 written admonishment.</u>

¶14    If an appellant has exhausted his administrative remedies before OSC, he can establish Board jurisdiction over an IRA appeal by nonfrivolously alleging that:  (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation[11] that the fact of, or content of, the protected disclosure or activity was one factor that tended to affect the personnel action in any way.  *Id.*, ¶ 13.

¶15    One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action.  *Id.*; *see* 5 U.S.C. § 1221(e)(1).  If an appellant fails to satisfy the knowledge/timing test, the Board must consider other evidence, such as that pertaining to the strength or weakness of the agency's

did not select the appellant for Pipefitter Work Leader positions in 2012 and 2014. IAF, Tab 6 at 14, 48.  As discussed above, the appellant's nonselections in 2008 and 2012 are barred by the settlement agreement.  Given the appellant's failure to provide any detail about a reprisal claim concerning the 2014 nonselection, we find that he failed to nonfrivolously allege a prima facie case of whistleblower reprisal concerning this claim.

[11] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding official, and whether those individuals had a desire or motive to retaliate against the appellant. *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 26 (2013).

¶16        Assuming without deciding that the appellant made protected disclosures and engaged in protected activity and that the February 18, 2016 written admonishment amounts to a personnel action as defined in 5 U.S.C. § 2302(a)(2)(A), we find that the appellant failed to nonfrivolously allege that any of his alleged protected whistleblowing was a contributing factor in the agency's decision to issue him the written admonishment. The appellant's prior alleged disclosures and protected activity occurred between 4 to 8 years before he received the February 18, 2016 written admonishment. Such a gap in time is too remote to satisfy the knowledge/timing test. *See Salinas v. Department of the Army*, 94 M.S.P.R. 54, ¶ 10 (2003) (finding that a disclosure made 2 ½ to 3 years before the relevant personnel actions was too remote for a reasonable person to conclude the disclosure was a contributing factor to the actions).

¶17        Regarding the strength of the agency's evidence, the agency contends that the appellant was issued the written admonishment based on unexcused tardiness and his failure to complete an assigned task in a timely manner. IAF, Tab 1 at 53, Tab 8 at 8. The appellant contends that he did very well on the assigned task and completed it well within the time frame. IAF, Tab 1 at 14-15, 17. He also appears to argue that his tardiness was due to his medical condition, of which management was aware. *Id.* at 15, 17. It is difficult to meaningfully assess the strength of the agency's evidence based on the current record at the jurisdictional stage. Thus, consideration of this factor does not materially assist the Board in deciding whether the appellant has met his burden of proof.

¶18    Regarding motive to retaliate, the record does not reflect that the appellant's disclosures or grievances were personally directed at the official who issued the written admonishment.[12]  IAF, Tab 1 at 11-12, 22, 26-30, 53-54.  The appellant asserts that he believes that the official who issued the written admonishment was disciplined as a result of his May 17, 2007 email.  *Id.* at 15.  However, there is no indication in the record that this official was named in or included on the appellant's May 17, 2007 email, or that he was among those disciplined by the agency as a result of its investigation into the matter disclosed in the email.  IAF, Tab 1 at 22, Tab 9 at 46-66.  Such conclusory and unsubstantiated speculation is insufficient to amount to a nonfrivolous allegation of a retaliatory motive.  *See, e.g.*, *Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 9 n.5 (2015) (finding that the appellant's assertion that his first- and second-line supervisors were likely among the many people who knew of his disclosure amounted to conjecture unsupported by any record evidence and, thus, did not amount to a nonfrivolous allegation); *Jones v. Department of the Treasury*, 99 M.S.P.R. 479, ¶ 8 (2005) (finding that an appellant's insinuation that an individual might have known of his prior whistleblowing activity amounted to unsubstantiated speculation, not a nonfrivolous allegation of jurisdiction); 5 C.F.R. § 1201.4(s) (defining a nonfrivolous allegation generally as an allegation that is more than conclusory).  Therefore, we find that the appellant failed to raise nonfrivolous allegations that he made a protected disclosure or engaged in protected activity that was a contributing factor in the

---

[12] The appellant also does not allege that any other individual involved in the decision to issue him the written admonishment was aware of his alleged prior protected disclosures or activity or had a motive to retaliate against him.

agency's decision to issue him the written admonishment. Accordingly, we dismiss the appeal for lack of jurisdiction.[13]

## ORDER

¶19    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[14]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[13] In light of our finding that the appellant failed to raise nonfrivolous allegations of Board jurisdiction, we need not address the agency's argument in its motion to dismiss that the appeal was untimely filed. IAF, Tab 6 at 4; *see Rosell v. Department of Defense*, 100 M.S.P.R. 594, ¶ 5 (2005), *aff'd*, 191 F. App'x 954 (Fed. Cir. 2006).

[14] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[15]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[15] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:


/s/

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.