# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES G. LAURENZANO, MD,
      Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
PH-1221-17-0226-W-1

DATE: April 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James G. Laurenzano, MD</u>, Chicopee, Massachusetts, pro se.

<u>Michael J. Berger</u>, Esquire, Brooklyn, New York, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision that denied his request for corrective action in his individual right of action (IRA) appeal, as he failed to meet his burden of proving that he made a protected disclosure. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to hold that the appellant proved that he exhausted his administrative remedies with the Office of Special Counsel (OSC), we AFFIRM the initial decision.

## BACKGROUND

On June 30, 2013, the agency appointed the appellant to the position of Primary Care Physician, subject to a 2-year trial period. Initial Appeal File (IAF), Tab 10 at 376. On April 25, 2014, the agency informed the appellant that he would be terminated during his trial period, as the deciding official concurred with the findings of a Professional Standards Board (PSB) that the appellant should be separated. *Id*. at 11-12. The appellant's termination took effect on May 10, 2014. *Id*. at 10-11.

The appellant filed a complaint seeking corrective action with OSC in 2016, alleging that, in reprisal for making protected disclosures, the agency took a number of actions against him, culminating in his termination. IAF, Tab 17 at 9-10, 12-31. In February 2017, OSC closed the investigation into the appellant's complaint with no further action and this IRA appeal to the Board followed. IAF, Tab 15,[2] Tab 17 at 9-11.

---

[2] The administrative judge noted that the appellant's initial appeal was difficult to comprehend and permitted him to refile. IAF, Tab 13 at 1. The appellant did so, and

After holding a hearing, the administrative judge issued an initial decision in which he found that the Board has jurisdiction over the appeal but denied the appellant's request for corrective action. IAF, Tab 39, Initial Decision (ID). The administrative judge concluded that the appellant failed to meet his burden of proving by preponderant evidence that he made a protected disclosure. ID at 6-9. The appellant has filed a petition for review, setting forth a single argument that the administrative judge incorrectly stated in the initial decision that the appellant testified that he had problems with his memory caused by a medical condition. ID at 5; Petition for Review (PFR) File, Tab 1 at 1-3. The appellant raises no other issues with the initial decision. PFR File, Tab 1 at 1-3. The agency has responded to the appellant's petition for review, agreeing that the administrative judge misconstrued the appellant's hearing testimony regarding his memory, but arguing that the error was not material because it did not impact the overall conclusion of the initial decision. PFR File, Tab 3 at 4-7.

## DISCUSSION OF ARGUMENTS ON REVIEW[3]

<u>The Board has jurisdiction over this appeal.</u>

In an IRA appeal, the Board may only consider matters that the appellant first raised before OSC. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011); *see Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015). The initial decision does not reach a conclusion as to whether the appellant exhausted his administrative remedies with OSC. ID at 1-12. A disposition on this issue is paramount because, in order for the Board to have jurisdiction over an IRA appeal, an appellant, among other requirements, must first prove by preponderant evidence that he exhausted his administrative remedies with OSC. *Salerno v. Department*

---

we will cite to the refiled initial appeal. IAF, Tab 15.

[3] On December 12, 2017, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law. Section 1097 of the NDAA amended various provisions of title 5 of the United States Code. Our decision in this appeal is unaffected by any amendments set forth in the NDAA.

*of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); 5 C.F.R. § 1201.57(c)(1). The purpose of this exhaustion requirement with OSC prior to filing an IRA appeal with the Board is to give OSC "the opportunity to take corrective action before involving the Board in the case." *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992). The Whistleblower Protection Enhancement Act of 2012 provides that, if OSC finds that there is a substantial likelihood that the information it received discloses a violation, it "shall transmit the information to the head of the agency involved for investigation and report . . . ." *Id.* (making this finding based on the same language in the prior Whistleblower Protection Act); *see* 5 U.S.C. § 1213(b), (c). These inquiries by OSC, and their transmittal to agencies for remedial action, are a major component of OSC's work. *Ward*, 981 F.2d at 526. Thus, the substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation that might lead to corrective action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10.

An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. *Mason*, 116 M.S.P.R. 135, ¶ 8; *see Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428, ¶ 6 (2014) (outlining how an appellant can prove exhaustion through submission of correspondence with OSC concerning his allegations). In the alternative, exhaustion may be proved through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in the Board appeal. *Chambers*, 2022 MSPB 8, ¶ 11; *Mason*, 116 M.S.P.R. 135, ¶ 8.

Here, the appellant submitted the close-out letter from the OSC complaint that he filed with OSC in 2016. IAF, Tab 17 at 9-10. The close-out letter detailed the alleged protected disclosures that the appellant made and personnel

actions purportedly taken by the agency against him in reprisal. *Id*. The alleged protected disclosures consisted of the following: (1) the appellant advising his supervisors of excessive heat in his office resulting in a violation of the Health Insurance Portability and Accountability Act because he had to leave his door open when treating patients; (2) the appellant advising his supervisors that his first-line supervisor was interfering and micromanaging his care of patients; (3) the appellant questioning his first-line supervisor's decision to prescribe Percocet to a patient and the prescription practice of a Nurse Practitioner; and (4) the appellant informing his first-line supervisor that other members of the medical team were ordering lab tests of his patients and putting him as the prescribing doctor. *Id*. at 9. The personnel actions included the agency suspending the appellant's privileges to prescribe narcotics, conducting three reviews of his work by a PSB, and his termination. *Id*. at 10. OSC closed the investigation into the appellant's complaint with no further action and advised him of his right to file an IRA appeal with the Board. *Id*. at 9-11. We find that the appellant proved by preponderant evidence that he exhausted his administrative remedies with OSC on these claims prior to filing the instant IRA appeal. The same alleged protected disclosures and personnel actions that the appellant first exhausted with OSC were considered by the administrative judge in the initial decision.[4] ID at 2, 6-10. We also agree with the administrative judge's implicit finding that the appellant made nonfrivolous allegations that he made protected disclosures that were a contributing factor in the agency's decision to take a personnel action. Therefore, the appellant has established jurisdiction over his appeal.

The appellant failed to prove that he made a protected disclosure.

In order to prevail on the merits of an IRA appeal before the Board, an appellant must prove by preponderant evidence that he made a disclosure

---

[4] On review, the appellant raises no issue with the characterization of his purported protected disclosures and retaliatory personnel actions. PFR File, Tab 1.

described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action outlined in 5 U.S.C. § 2302(a). 5 U.S.C. § 1221(e); *Salerno*, 123 M.S.P.R. 230, ¶ 5. If this burden is met, the Board must order corrective action unless the agency establishes by clear and convincing evidence that it would have taken the same personnel action despite the appellant making the protected disclosure or engaging in the protected activity. 5 U.S.C. § 1221(e)(2); *Carr v. Social Security Administration*, 185 F.3d 1318, 1322 (Fed. Cir. 1999); *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 10 (2014).

After a review of the record, we agree with the administrative judge that the appellant did not meet his burden of proving by preponderant evidence that he made a protected disclosure. This conclusion is supported by the evidence of record. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings in the initial decision when she considered the evidence, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

As the appellant pointed out in his petition for review and the agency in its response, the administrative judge erred when stating in the initial decision that the appellant testified that he had problems with his memory caused by a medical condition. ID at 5; PFR File, Tab 1 at 1-3, Tab 3 at 5. In order for the Board to grant a petition for review based on a factual error, such error must be material. *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 36 (2016); 5 C.F.R. § 1201.115(a)(1). A material error is one that is of sufficient weight to warrant an outcome different from that of the initial decision. 5 C.F.R. § 1201.115(a)(1). The error in this case had no bearing on the overall conclusion that the appellant failed to prove by preponderant evidence that he made a protected disclosure. This disposition does not rely on the appellant's hearing testimony, and therefore

the administrative judge's error in his assessment of the appellant's testimony does not necessitate a remand or any other reassessment of the appellant's testimony. *See Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 25 (2010) (stating that, when the record is sufficiently developed on an issue and there is no need to rely upon witness demeanor, it is not necessary to remand the case), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011). Furthermore, the administrative judge's error did not infringe on any of the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

Beyond the appellant's argument regarding the mischaracterization of a single portion of his hearing testimony, he does not challenge the administrative judge's finding that he failed to make a protected disclosure. PFR File, Tab 1. As found in the initial decision, the appellant's request for corrective action must be denied on these grounds. ID at 6-9, 11; *see Kleckner v. Department of Veterans Affairs*, 96 M.S.P.R. 331, ¶ 7 (2004) (denying the appellant's request for corrective action in his IRA appeal, as he did not prove by preponderant evidence that his disclosures were protected).

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:              _____
                            Gina K. Grippando
                            Clerk of the Board

Washington, D.C.