**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NANCY FORD,
                              Appellant,

            v.

DEPARTMENT OF THE ARMY,
                              Agency.

DOCKET NUMBER
DE-1221-20-0154-W-1

DATE: July 1, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Peter C. Rombold, Esquire, Junction City, Kansas, for the appellant.

Eric L. Carter, Fort Riley, Kansas, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which applied collateral estoppel to dismiss her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

case to the field office for further adjudication in accordance with this Remand Order.

## BACKGROUND

In July 2017, the agency proposed the appellant's removal, alleging that she falsely claimed leave to care for her husband under the Family and Medical Leave Act of 1993 (FMLA). *Ford v. Department of the Army*, MSPB Docket No. DE-1221-20-0154-W-1, Initial Appeal File (IAF), Tab 5 at 4-11. After considering the appellant's written and oral replies to the proposal notice, the agency decided to remove her in September 2017. *Id*. at 13-16.

On October 3, 2017, the appellant filed a complaint with the Office of Special Counsel (OSC). *Id*. at 18-26. In her complaint, she averred that her use of FMLA leave was proper and that the agency violated the law when it removed her for using FMLA leave. *Id*. at 22-24.

In April 2018, the appellant filed a removal appeal with the Board in which she referenced, and to which she attached, her OSC complaint. *Ford v. Department of the Army*, MSPB Docket No. DE-1221-18-0258-W-1, Initial Appeal File (0258 IAF), Tab 1 at 4-5, 22-30. The field office docketed her appeal as two appeals, one as an IRA appeal and the other as a chapter 75 appeal, both of which were dismissed.[2] *Ford v. Department of the Army*, MSPB Docket No. DE-1221-18-0258-W-1, Initial Decision (0258 ID) (May 25, 2018); *Ford v. Department of the Army*, MSPB Docket No. DE-0752-18-0257-I-1, Initial Decision (0257 ID) (May 25, 2018). The administrative judge issued an initial decision dismissing the IRA appeal for lack of jurisdiction after the appellant stated during a conference call that she was not alleging whistleblower reprisal in

---

[2] The appellant filed the same stay request in both appeals, which the field office separately docketed. *Ford v. Department of the Army*, MSPB Docket No. DE-0752-18-0257-S-1, Initial Decision (May 25, 2018) (0257-S-1 ID); *Ford v. Department of the Army*, MSPB Docket No. DE-1221-18-0257-I-1, Initial Appeal File, Tab 4 at 7; 0258 IAF, Tab 4 at 7. The administrative judge issued an initial decision denying the stay request. 0257-S-1 ID. Neither party filed a petition for review; therefore, the initial decision became final in June 2018. 0257-S-1 ID at 2.

connection with her removal. 0258 ID at 1-3. In a separate initial decision, the administrative judge dismissed the chapter 75 appeal as untimely filed without good cause shown. 0257 ID at 1-4. No petitions for review were filed in either appeal, and the initial decisions became final in June 2018. 0258 ID at 3; 0257 ID at 4.

In December 2019, OSC issued the appellant a close-out letter regarding her October 2017 OSC complaint. IAF, Tab 5 at 28. This IRA appeal followed, again regarding the appellant's removal. IAF, Tab 1.

The administrative judge informed the appellant of her burden to establish the Board's jurisdiction over her IRA appeal.[3] IAF, Tab 3. In response, the appellant, through her representative, indicated that she had made disclosures in her written and oral replies to the proposal notice that she and her supervisors lacked FMLA training and that her supervisors had directed her to use FMLA leave. IAF, Tab 6 at 5-8. She asserted that those disclosures were a contributing factor in her removal. *Id.* at 6-8.

The administrative judge also ordered the appellant to show cause as to why her IRA appeal should not be dismissed on the basis of collateral estoppel. IAF, Tab 8. The appellant argued that collateral estoppel was inapplicable because the issue of the Board's jurisdiction over her whistleblower reprisal claim was not actually litigated in her prior IRA appeal. IAF, Tab 11 at 5-7.

In his initial decision, the administrative judge dismissed the appellant's IRA appeal for lack of jurisdiction, finding that she was collaterally estopped from re-litigating the jurisdictional issue. IAF, Tab 12, Initial Decision (ID) at 1, 5. He found that the issues presented in the instant IRA appeal and the prior IRA appeal were identical in that they both involved the same alleged protected disclosure, personnel action, and OSC complaint. ID at 4. He additionally found

---

[3] The instant IRA appeal was adjudicated by a different administrative judge than the one who adjudicated the appellant's 2018 appeals and stay request.

that the issue of jurisdiction was actually litigated in the prior IRA appeal and was necessary to the resulting judgment. *Id*.

The appellant has filed a petition for review, arguing that the administrative judge erred in applying collateral estoppel to the jurisdictional determination in her prior IRA appeal because the issue of reprisal for making protected disclosures was not litigated in that appeal. Petition for Review (PFR) File, Tab 3. The agency has filed a response to the petition for review. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

We vacate the administrative judge's determination that collateral estoppel barred the appellant from litigating jurisdiction over her IRA appeal.

The administrative judge applied the doctrine of collateral estoppel to give preclusive effect to the jurisdictional finding in the appellant's prior IRA appeal. ID at 4-5. The appellant disputes this determination, arguing that she did not raise a whistleblower reprisal claim in her first IRA appeal. PFR File, Tab 3 at 5-7. We agree.

The doctrine of collateral estoppel may preclude a second action in the same forum that dismissed a prior appeal for lack of jurisdiction. *Johnson v. Department of the Air Force*, 92 M.S.P.R. 370, ¶ 13 (2002). Collateral estoppel is appropriate when, as relevant here, the issue was actually litigated in the prior action. *Id.* The "actually litigated" element is satisfied when the issue was "properly raised by the pleadings, was submitted for determination, and was determined." *Id.* (quoting *Banner v. United States*, 238 F.3d 1348, 1354 (Fed. Cir. 2001)).

The Board has found that the underlying jurisdictional issue of whether an appellant made protected disclosures was not previously litigated when an appellant withdrew a prior appeal to cure a failure to exhaust. *Serrao v. Department of Commerce*, 69 M.S.P.R. 475, 477-78 (1996). In addition, the Board held that dismissal for lack of jurisdiction of a prior IRA appeal does not

bar a subsequent IRA appeal based on different alleged disclosures or protected activities. *Id.* at 478-79. The Board also declined to give collateral estoppel effect to a jurisdictional dismissal for failure to exhaust when the appellant had since exhausted and the jurisdictional issue in the second appeal was whether the appellant's alleged disclosures were protected. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶¶ 6-7 & n.7 (2015), *aff'd per curiam*, 663 F. App'x 921 (Fed. Cir. 2016). In these instances, the Board reasoned, as relevant here, that the same jurisdictional issue was not actually litigated in a prior appeal. *Id.*, ¶ 7 n.7; *see Serrao*, 69 M.S.P.R. at 477-79 (concluding further that the issues were not identical in the first and second appeals, as necessary to apply the doctrine of collateral estoppel).

Here, the issue of the Board's jurisdiction over claims the appellant raised for the first time in the instant appeal was not, and could not be, actually litigated in her prior appeal. The appellant clarified in response to the field office's docketing of her prior IRA appeal that she was not raising a claim of whistleblower reprisal. 0258 ID at 2. As a result, the administrative judge found that she failed to meet her jurisdictional burden. *Id.* We find that the prior dismissal based on the appellant's failure to raise a whistleblower reprisal claim does not bar the appellant's specific claim here that the agency removed her in reprisal for her FMLA disclosures. Therefore, we vacate the administrative judge's finding that collateral estoppel precluded the appellant from asserting jurisdiction over the instant appeal.

The Board has jurisdiction over an IRA appeal if the appellant has exhausted her remedies before OSC and makes nonfrivolous allegations that (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Gabel v. Department of Veterans Affairs*, 2023 MSPB 4, ¶ 5.

Although the administrative judge did not make findings on these issues, he developed the record on jurisdiction. IAF, Tab 3 at 2-6, Tabs 5-6, Tab 7 at 10. We find that the record is sufficient to determine that appellant has established jurisdiction over her appeal, as described below. *See Carson v. Department of Energy*, 109 M.S.P.R. 213, ¶¶ 33-34 (2008) (determining that an appellant established jurisdiction over his IRA appeal in the first instance on review when the record was sufficiently developed for the Board to make the necessary findings), *aff'd per curiam*, 357 F. App'x 293 (Fed. Cir. 2009).

The appellant exhausted her alleged disclosure and personnel action with OSC.

The Board, in *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11, clarified the substantive requirements of exhaustion. The requirements are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. The Board's jurisdiction is limited to those issues that were previously raised with OSC. However, appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id.* Appellants may demonstrate exhaustion through their initial OSC complaint; evidence that they amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations; and their written responses to OSC referencing the amended allegations. *Id.* Appellants also may establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that they raised with OSC the substance of the facts in the Board appeal. *Id*.

As previously noted, the appellant alleged that in her written and oral replies to the proposal notice she made disclosures that she and her supervisors lacked FMLA training and that her supervisors had directed her to use FMLA-protected leave. IAF, Tab 6 at 5-8. In her 2017 OSC complaint, the appellant described how she "requested and got approved" to use FMLA leave to care for her husband following his cancer diagnosis. IAF, Tab 5 at 22. She explained that the timekeeper sent her an email on how to invoke and code FMLA

and that her supervisor "informed [her] to add FMLA . . . on an annual leave request." *Id*. The appellant alleged to OSC that none of her supervisors requested additional documentation from her and that the agency's subsequent actions violated regulations concerning leave entitlement and the FMLA. *Id*. at 23. The appellant further alleged to OSC that her removal constituted whistleblower reprisal. *Id*. at 28. Under the circumstances, we find that the appellant provided OSC with a sufficient basis to pursue an investigation, and she therefore met the exhaustion requirement. *See Chambers*, 2022 MSPB 8, ¶¶ 10-11.

<u>The appellant nonfrivolously alleged that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) and that she was subjected to a personnel action.</u>

As set forth above, the appellant asserted that in her written and oral replies to the proposal notice she made disclosures that she and her supervisors lacked FMLA training and that her supervisors had directed her to use the FMLA leave underlying her removal. IAF, Tab 6 at 5-8. We find that the appellant has made a nonfrivolous allegation that these disclosures were protected.

A protected disclosure is one that an appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5 & n.3 (2013). The proper test for determining whether an employee had a reasonable belief that her disclosures were protected is whether a disinterested observer in her position with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced any of the conditions set forth in 5 U.S.C. § 2302(b)(8). *Mudd*, 120 M.S.P.R. 365, ¶ 5. Any doubt or ambiguity as to whether an appellant raised a nonfrivolous allegation of a reasonable belief should be resolved in favor of a finding that jurisdiction exists. *Id*., ¶ 8.

In the notice of proposed removal, the agency alleged, among other things, that the appellant falsified approximately 25 FMLA-protected leave requests, between February 22, 2016, through February 3, 2017, by claiming that she was caring for her husband with cancer when she was not. IAF, Tab 5 at 4-5. The appellant did not submit copies of her written and oral replies to the proposal notice; however, she alleged that in those replies she disclosed to the deciding official and other management officials that her supervisors had directed her to apply for FMLA-protected leave, they had approved her FMLA-protected leave, and neither she nor her supervisors had received training on the process for obtaining and requesting FMLA-protected leave. IAF, Tab 6 at 5. She claims she also disclosed that when she submitted an annual or sick leave request, her supervisor "directed her to ascribe her leave request to the FMLA, because an application for FMLA leave did not require these supervisors to first check her annual or sick leave balances before approving Appellant's application for leave." *Id*.

Agencies are responsible for properly administering FMLA, "including . . . informing employees of their entitlements and obligations." 5 C.F.R. § 630.1201(c). Regulations implementing FMLA reserve the right to invoke FMLA to the employee rather than the agency. 5 C.F.R. § 630.1203(b), (h). "An employee may request to use annual leave or sick leave without invoking family and medical leave." 5 C.F.R. § 630.1206(e)(4). The appellant submitted an email dated July 20, 2017, which shows that her direct supervisor, who also proposed her removal, instructed her to revise her timecard for the pay period beginning on May 28, 2017 and "add the FMLA code for any of the dates [she] had annual leave."[4] IAF, Tab 6 at 12. She also submitted sworn statements from two of her supervisors, including the proposing official, acknowledging that they had not received any formal training on the FMLA

---

[4] Although this email is dated after the notice of proposed removal had been issued on July 17, 2017, we find it is relevant to the extent that it evidences the agency's practices prior to that date.

program or process. *Id*. at 13, 22. One supervisor also stated that she had never counseled the appellant regarding the use of FMLA-protected leave. *Id*. at 22. We find that the appellant has nonfrivolously alleged that a reasonable person in her position, with knowledge of the facts known to her, could have reasonably concluded that the agency failed to properly administer FMLA by failing to inform her of her obligations under FMLA and that an agency official improperly required the appellant to invoke FMLA protections for annual leave in violation of FMLA regulations. Moreover, a removal is a personnel action under 5 U.S.C. § 2302(a)(2)(A)(iii). Thus, we find that the appellant nonfrivolously alleged that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) and that she was subjected to a personnel action.

<u>The appellant nonfrivolously alleged that her protected disclosure was a contributing factor in her removal.</u>

Next, we consider whether the appellant nonfrivolously alleged that her disclosures were a contributing factor in her removal. We find that she did.

An appellant's protected disclosure is a contributing factor if it in any way affects an agency's decision to take a personnel action. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). One way an appellant may establish the contributing factor criterion is the knowledge/timing test, under which she submits evidence showing that the official taking the personnel action knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 63. The Board has held that a personnel action taken within approximately 1 to 2 years of an appellant's disclosures or activity satisfies the timing portion of the knowledge/timing test. *Id.*

The appellant alleged that her July 26 and 31, 2017 disclosures, delivered in her written and oral replies to her proposed removal, resulted in her

September 5, 2017 removal. IAF, Tab 6 at 5. Therefore, the appellant's allegations are sufficient to meet her jurisdictional burden as to the timing prong of the knowledge/timing test.

We also conclude that the appellant nonfrivolously alleged that the official who decided to remove the appellant had direct knowledge of the appellant's disclosures. Specifically, in the notice of decision on the proposed removal, the deciding official acknowledges that she received the appellant's written response on July 26 and met with the appellant and received the oral reply on July 31, 2017. IAF, Tab 5 at 13. Thus, the appellant has made nonfrivolous allegations regarding the knowledge prong of the knowledge/timing test for purposes of establishing the Board's IRA jurisdiction. Accordingly, we remand this appeal for further development of the record on the merits, including holding the appellant's requested hearing. IAF, Tab 1 at 3; *see Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 20 (2002) (stating that, when the test for establishing the Board's IRA jurisdiction has been met, the appellant is entitled to a hearing on the merits of his claim).

## ORDER

For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:      _____

     Gina K. Grippando
     Clerk of the Board

Washington, D.C.