**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHARLES JAMES HARRIS, III, | DOCKET NUMBER |
| Appellant, | DC-1221-20-0557-W-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: July 29, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charles James Harris, III</u>, Alexandria, Virginia, pro se.

<u>Mary Bradley</u> and <u>Richard Floyd Kane</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant nonfrivolously alleged that he engaged in a protected activity and to supplement the administrative judge's analysis as to whether he nonfrivolously alleged contributing factor, we AFFIRM the initial decision.

## BACKGROUND

The appellant is an Information Technology Specialist with the Department of Defense. Initial Appeal File (IAF), Tab 1 at 1. He filed a complaint with the Office of Special Counsel (OSC) alleging retaliation for protected disclosures and activity. *Id*. at 24. Specifically, he alleged to OSC that he was retaliated against for "disagreeing with coworkers, expressing concerns regarding negative interactions with coworkers, complaining about discrimination by supervisors, protesting [his] performance appraisal, filing two MSPB appeals, filing two OSC complaints, and communicating concerns to a Member of Congress." *Id*. In reprisal for these alleged disclosures and activities, he alleged that he received a lower-than-expected performance rating and that he was reassigned, subjected to a change in work duties and responsibilities, and denied a certification. *Id*. The appellant sought to supplement his OSC complaint with additional allegations, including assertions that his supervisor created a hostile work environment,

former and current supervisors provided negative references to prospective employers, and the agency intended to revoke his security clearance. *Id.* at 22. However, OSC declined to consider these allegations and informed the appellant that he must file a new complaint to have them reviewed. *Id.*

Following OSC's closure of his complaint, the appellant filed a Board appeal, alleging the same retaliation outlined in his OSC complaint. *Id.* at 5. The appellant attached numerous documents, including a memorandum outlining an administrative grievance he filed, as well as an initial decision from a prior Board appeal. *Id.* at 9-20. The administrative judge notified the appellant of his burden of proof on jurisdiction, including how to establish that his alleged protected disclosures and activities were a contributing factor in a personnel action pursuant to the knowledge/timing test as well as under alternative methods. IAF, Tab 3 at 5. After both parties responded, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID) at 1.

The administrative judge found that the appellant exhausted his administrative remedies with regard to most of his alleged personnel actions. ID at 4-5. Furthermore, the administrative judge found that the appellant exhausted his claims that he made protected disclosures and engaged in protected activity. ID at 5. However, the administrative judge found that the appellant failed to exhaust his allegations to OSC that he made after it issued him a preliminary determination letter; specifically, his complaints regarding his security clearance, the hostile work environment, and the negative references. *Id.* The administrative judge then found that the appellant failed to nonfrivolously allege that he made a protected disclosure or engaged in protected activity. ID at 6-8. Finally, the administrative judge found that, because the appellant failed to nonfrivolously allege a protected disclosure or activity, he likewise failed to nonfrivolously allege that protected disclosures or activity were a contributing factor in any personnel action. ID at 8-9. Because the appellant failed to

establish jurisdiction over his appeal, the administrative judge found that the appellant was not entitled to a hearing.  ID at 9-10.

The appellant has filed a petition for review, alleging that he is being denied a hearing, that the agency advised him he could file a Board appeal after going to OSC, and that the administrative judge failed to consider all of the facts. Petition for Review (PFR) File, Tab 1 at 3-4.  The agency has responded to his petition for review.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and the disclosure or protected activity was a contributing factor in the agency's decision to take a personnel action.  *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014).

<u>The administrative judge correctly found that the appellant exhausted some, but not all, of his alleged personnel actions with OSC.</u>

As set forth above, the administrative judge found that the appellant exhausted some, but not all, of the alleged personnel actions.  ID at 4-5.  On review, the appellant states that he filed a complaint with OSC prior to filing his Board appeal, but he does not provide a basis for disturbing the administrative judge's findings on the issue of exhaustion.

The Board, in *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11, clarified the substantive requirements of exhaustion. The requirements are met when an appellant has provided OSC with a sufficient basis to pursue an investigation.  The Board's jurisdiction is limited to those issues that were previously raised with OSC.  However, appellants may give a more detailed account of their whistleblowing activities before the

Board than they did to OSC. *Id.* Appellants may demonstrate exhaustion through their initial OSC complaint; evidence that they amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations; and their written responses to OSC referencing the amended allegations. *Id.* Appellants also may establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that they raised with OSC the substance of the facts in the Board appeal. *Id.* Here, the appellant raised many of the alleged protected disclosures and activities and personnel actions outlined above to OSC. IAF, Tab 1 at 24. However, he raised certain personnel actions—in particular, the negative references, revocation of security clearance, and hostile work environment claims—to OSC after its preliminary determination letter, and OSC declined to consider them. *Id.* at 22. Accordingly, we agree with the administrative judge that the appellant has not exhausted these personnel actions. *See Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 10 (2006) (finding an appellant must give OSC the opportunity to pursue an investigation into his allegations).

The administrative judge correctly found that the appellant failed to nonfrivolously allege that he made a protected disclosure but erred in finding that the appellant failed to nonfrivolously allege that he engaged in a protected activity under 5 U.S.C. § 2302(b)(9)(C).

> *The appellant failed to nonfrivolously allege that he made a protected disclosure.*

The administrative judge held that the appellant failed to nonfrivolously allege that he made a protected disclosure. ID at 6. The appellant does not challenge this finding on review, and we agree with the administrative judge's finding on this issue. Protected whistleblowing occurs when an appellant makes a disclosure that he reasonably believes evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. *Mudd v.*

*Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5 (2013). The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Id.* Vague, conclusory, and unsupported allegations do not satisfy the Board's nonfrivolous pleading standard. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 12 (2015).

The appellant here has only cited to vague and conclusory allegations and has failed to identify any specific protected disclosures. Essentially, the only evidence submitted is a table listing 23 emails between himself and coworkers. IAF, Tab 5 at 5-7. The table merely states the subjects of the emails and does not include the actual emails themselves. *Id.* Moreover, none of the email subjects suggest that he was disclosing information he reasonably believed evidenced the type of wrongdoing set forth in 5 U.S.C. § 2302(b)(8). For example, the email subjects discuss how he was seeking support to do his job, forced to take unnecessary classes, and that someone entered his office without consent, which he challenges as a breach of "common courtesy." *Id.* Moreover, he alleges that he "push[ed] back" about his lower-than-expected performance rating. *Id.* at 9. However, he does not suggest that his performance rating was in violation of any law, rule, or regulation. He similarly alleged, without further information, that he communicated "concerns to a Member of Congress." IAF, Tab 1 at 5, 24; *see Rebstock Consolidation*, 122 M.S.P.R. 661, ¶ 12 (finding unsupported allegations do not satisfy the nonfrivolous pleading standard). As such, we agree with the administrative judge that the appellant has failed to demonstrate or suggest that he made any disclosure that evidenced a violation of a law, rule, or regulation, or any other condition set forth in 5 U.S.C. § 2302(b)(8). Thus, we

agree that he has failed to make a nonfrivolous allegation of a protected disclosure.

*The appellant made a nonfrivolous allegation that he engaged in protected activity by filing with OSC.*

The appellant alleged that he engaged in several different protected activities. He attached an administrative grievance memorandum, which notes that he is "grieving the process and guidance used to make the determination of" his performance rating at a level 3, as opposed to a level 5. IAF, Tab 1 at 9. He further alleged that he filed two Board appeals prior to the instant appeal. *Id.* at 5, 24. The appellant attached a prior Board appeal wherein he challenged a realignment of his position without a loss in pay or grade. *Id.* at 10-12. He did not provide the details of his other Board appeal. The administrative judge held that the appellant failed to allege that this grievance or prior Board appeals constituted protected activity under 5 U.S.C. § 2302(b)(9)(C). ID at 8. We agree.

Under the Whistleblower Protection Enhancement Act of 2012, the Board has IRA jurisdiction over claims of reprisal for filing appeals, complaints, or grievances seeking to remedy a violation of 5 U.S.C. § 2302(b)(8), but not to other types of appeals, complaints, or grievances that do not concern remedying a violation of subparagraph (b)(8). 5 U.S.C. §§ 2302(b)(9)(A)(i)-(ii); *Mudd*, 120 M.S.P.R. 365, ¶¶ 6-7. Nothing included in the appellant's brief grievance memorandum or prior Board appeals suggest that they sought to remedy a violation of section 2302(b)(8), and thus, the appellant has failed to raise a nonfrivolous allegation of Board jurisdiction over these alleged protected activities. *Id.*

However, the appellant additionally alleged, both to OSC and below, that the agency retaliated against him for filing "two [prior] OSC complaints." IAF, Tab 1 at 5, 24. The administrative judge found that the appellant failed to nonfrivolously allege that he engaged in protected activity because he failed to provide any evidence of what the OSC complaints concerned, or even of their

existence. ID at 8. The appellant does not challenge this finding on review. Nonetheless, because jurisdiction may be raised at any time during a proceeding, *Morgan v. Department of the Navy*, 28 M.S.P.R. 477, 478 (1985), we address whether the appellant's allegation that he filed two OSC complaints constitutes a nonfrivolous allegation that he engaged in protected activity. Under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), disclosing information to OSC is protected regardless of its content, as long as such disclosures are made "in accordance with applicable provisions of law." Thus, the appellant has sufficiently alleged that he disclosed information to OSC. Accordingly, we modify the initial decision to find that the appellant nonfrivolously alleged that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) by filing two prior OSC complaints.

<u>The appellant failed to nonfrivolously allege that his protected activity was a contributing factor in any personnel action.</u>

The next jurisdictional inquiry is whether the appellant has made a nonfrivolous allegation that he engaged in protected activity that was a contributing factor in the agency's decision to take or fail to take a personnel action. *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. The administrative judge found that, because the appellant failed to nonfrivolously allege that he made a protected disclosure or engaged in protected activity, he could not nonfrivolously allege that the disclosures or activity were a contributing factor in the personnel actions. ID at 8-9. Although we agree with the administrative judge's conclusion that the appellant failed to raise a nonfrivolous allegation of contributing factor, we modify the initial decision to supplement the administrative judge's analysis on this issue.

One way an appellant may satisfy the contributing factor element at the jurisdictional stage is by making nonfrivolous allegations that the official taking

the personnel action knew of the protected activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the activity was a contributing factor in the personnel action, known as the knowledge/timing test. *See* 5 U.S.C. § 1221(e)(1); *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 7 (2014). The record here does not include any evidence or information regarding the appellant's two prior complaints with OSC. Moreover, the appellant has not alleged that any agency officials had knowledge of his prior OSC complaints. Accordingly, we find that the appellant has failed to allege knowledge of his protected activity, and thus that he has failed to meet his jurisdictional burden on the contributing factor element through the knowledge/timing test.

The Board has held that, if an appellant fails to satisfy the knowledge/timing test, it shall consider other evidence, such as the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the individuals taking the personnel action, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012). The administrative judge notified the appellant of this alternative method of establishing contributing factor. IAF, Tab 3 at 5. The appellant suggested below that his reassignment, one of the personnel actions at issue, was unwarranted. IAF, Tab 5 at 8. Nonetheless, he provided no evidence that his prior OSC complaints were directed at the individuals responsible for any of the personnel actions at issue, or that these individuals had any desire or motive to retaliate against him. Because the appellant had notice of both the knowledge/timing test as well as the alternative method for establishing contributing factor, and because it is the appellant's burden to establish jurisdiction over his IRA appeal, we find that he has failed to meet his burden of nonfrivolously alleging that his protected activity was a contributing factor in any personnel action. *See* 5 C.F.R.

§ 1201.57(b) (setting forth the appellant's burden of proof in an IRA appeal); IAF, Tab 3 at 5.

<u>The appellant's remaining arguments are unpersuasive.</u>

The appellant on review argues that he was denied a hearing that he is entitled to. PFR File, Tab 1 at 3. In an IRA appeal, an appellant is not entitled to a hearing on the threshold issue of jurisdiction because the Board has jurisdiction over an IRA appeal if the appellant makes nonfrivolous allegations that the elements of his claim are satisfied and whether allegations are nonfrivolous is determined on the written record. *Shope v. Department of the Navy*, 106 M.S.P.R. 590, ¶ 5 (2007). If the appellant meets his burden of proof on jurisdiction over his IRA appeal, he is entitled to a hearing on the merits. *Id.*

Finally, the appellant argues that all of the facts were not considered by the administrative judge. PFR File, Tab 1 at 4. An administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 15 (2016). In any event, the appellant has not identified any particular evidence that the administrative judge may have overlooked that might affect the outcome of this appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis to reverse an initial decision).

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.